IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DELTA BOWERS, Ph.D. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: ___3:22cv33___ |
| | ) |
| VIRGINIA UNION UNIVERSITY | ) |
| Serve: Hakim J. Lucas, Ph.D., President | ) |
| Virginia Union University | ) |
| 1500 N. Lombardy Street | ) |
| Richmond, VA 23220 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Delta Bowers, Ph.D. ("Dr. Bowers"), by counsel, states as follows for her Complaint against defendant Virginia Union University ("Virginia Union," "VUU", or the "University").

### NATURE OF ACTION

1.　　This is a wrongful termination action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*.

### JURISDICTION AND VENUE

2.　　Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §626(c).

3.　　Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as this is the district and division where a substantial part of the events or omissions giving rise to the claim occurred.

4.　　All conditions precedent to the filing of this action have been met by Dr. Bowers, in that she has filed a timely complaint with the Equal Employment Opportunity

Commission ("EEOC") and has filed this action within 90 days of receiving a right-to-sue letter, dated December 16, 2021, from the EEOC.

## PARTIES

5.      Dr. Bowers is an individual resident of Henrico, Virginia.  She was born in 1961.  At the time of her separation from VUU, Dr. Bowers was fifty-eight (58) years old. As such, at all times relevant herein, Dr. Bowers is and has been a member of a protected class for purposes of the ADEA.

6.      VUU is a private university located at 1500 N. Lombardy Street, Richmond, Virginia, 23220. It employs more than 200 people and is an "employer" for purposes of the ADEA.

## FACTUAL BACKGROUND

7.      At all relevant times prior to June 2020, Dr. Bowers was employed with VUU.

8.      Dr. Bowers began her VUU employment in August of 2012, when it hired her as a Professor of Management & Marketing at its Sydney Lewis School of Business (the "Business School").

9.      Dr. Bowers held her professor position for the next five and half years, after which she served as the Interim Dean of the Business School.

10.      Dr. Bowers returned to teaching as a Professor of Management & Marketing in July of 2019.

11.      Dr. Bowers was very active at VUU. She served, for example, as the Executive Director of the Ruth Coles Harris Leadership Institute in an unpaid capacity from 2018 until the end of her VUU employment.  She also served as a representative in VUU's Faculty Senate.

12.     On or about March 23, 2020, VUU abruptly and without warning decided not to renew her teaching contract.

13.     The non-renewal decision was the culmination of almost an entire school-years' worth of unwarranted harassment and antagonism of Dr. Bowers by the then-Dean of the School of Business, Dr. Robin Davis.

14.     Among other things, Dr. Davis repeatedly and consistently denigrated Dr. Bowers, made numerous false statements about her, and otherwise undermined her work at VUU.

15.     Dr. Davis' negative and antagonistic actions were, in part, motivated by a desire to terminate Dr. Bowers' employment at VUU and have her replaced by a younger professor.

16.     And that's exactly what happened. Specifically, after VUU decided not to renew Dr. Bowers for the 2020-2021 school year, it filled her role with a professor, Tonya Scott-Hickman, who is at least five years younger than Dr. Bowers and who is less experienced.

17.     Just as importantly, Dr. Davis' actions were in line with the mindset of VUU's leadership.  Notably, at a meeting in the first quarter of 2020 (i.e., just weeks *before* VUU told Dr. Bowers it was not going to renew her contract), Dr. Gerard McShepard, the Senate President, told the Senate members that VUU's President had recently and openly stated in a University that ***he intended to get rid of professors in their "sixties,"*** a direct statement of animus toward older employees.

18.     As well, at the very same time that VUU decided not to renew Dr. Bowers' contract, it ended the employment relationships of at least three other professors who were each of the age of sixty years old at the time of their separation.

3

19.     At the time of the non-renewal decision, Dr. Bowers was almost sixty years old.

20.     Since her unlawful separation from VUU, Dr. Bowers has been unable to find a comparable full-time employment.

21.     In addition, Dr. Bowers has suffered substantial stress, anxiety, and emotional distress as a result of VUU's actions.

### COUNT I:
### AGE DISCRIMINATION CLAIM

22.     The allegations of paragraphs 1-21 are realleged as if fully set forth herein.

23.     The ADEA prohibits discrimination against employees on the basis of their age.

24.     Dr. Bowers is a covered employee under the ADEA because she was over 40 years of age at the time of the discriminatory actions described herein.

25.     Here, VUU discriminated against Dr. Bowers in violation of the ADEA because, most notably, it decided not to renew her employment contract for no explainable reason, replaced her with a younger, less experienced employee, decided not to renew the contracts of a notable number of older educators at the very same time that it decided not to renew her contract, and took all of these actions within weeks and months of a statement by VUU's President that he intended to get rid of professors at the University who were in their "sixties."

26.     As a direct result of VUU's discrimination, Dr. Bowers has suffered past and future lost wages and other financial harm.

27.     Dr. Bowers has been damaged by this wrongful termination.

WHEREFORE, for all of the reasons stated above, Delta Bowers, Ph.D. respectfully

and specifically requests that the Court:

      A.     Accept jurisdiction of this case.

      B.     Declare that Plaintiff has suffered acts of discrimination at the hands of VUU in violation of the ADEA.

      C.     Award Plaintiff back pay and front pay, for her loss of past and future salary and other benefits, including all fringe benefits, to which she was and would have been entitled had she not been discriminated against regarding her employment. Such damages shall be in an amount in excess of six hundred thousand dollars ($650,000.00), the exact amount to be determined at trial.

      D.     Grant Plaintiff, in lieu of front pay, reinstatement to her former job.

      E.     Grant Plaintiff liquidated damages against VUU.  Such damages shall be in an amount no less than three hundred fifty thousand dollars ($350,000.00), the exact amount to be determined at trial.

      F.     Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

      G.     Grant Plaintiff her reasonable expenses, costs, and attorneys' fees.

**A TRIAL BY JURY IS DEMANDED.**

DELTA BOWERS, Ph.D.

By:    s/ Richard F. Hawkins, III
       Virginia Bar Number: 40666
       THE HAWKINS LAW FIRM, PC
       2222 Monument Avenue
       Richmond, Virginia 23220
       (804) 308-3040 (telephone)
       (804) 308-3132 (facsimile)
       Email: rhawkins@thehawkinslawfirm.net

       Counsel for Plaintiff